IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES JAMES, II,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNITED STATES POSTAL SERVICE<br><br>and<br><br>JOHN DOE (DRIVER),<br><br>    Defendants | No. 22-3000<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**AND NOW**, comes Plaintiff, Charles James II, by and through his attorneys, Freundlich & Littman, LLC, and files the within Complaint against Defendant, The United States Postal Service, and John Doe (Driver), averring in support thereof the following:

## PARTIES

1. Plaintiff Charles James II (hereinafter "Plaintiff") is an adult individual who resides at 5489 Quentin Street, 2nd Floor, Philadelphia, PA 19128.

2. Defendant The United States Postal Service (hereinafter "USPS") is a government commission and/or entity organized and existing under the laws of the United States of America, with headquarters located at 475 L'Enfant Plaza SW Washington, D.C. 20260-0004.

3. Defendant John Doe Driver (hereinafter "Defendant Doe") is a fictitious name for the individual driving the USPS postal truck, whose name and identity is presently unknown to Plaintiff, but is known to Defendant USPS, and will become known through the course of discovery.

4. At all times relevant and material hereto, Defendant USPS and Defendant Doe shall be referred to collectively as "Defendants".

5. At all times relevant and material hereto, Defendants acted by and through their agents, servants, employees and/or other representatives, who acted within the course and scope of their authority and/or employment by Defendants, in furtherance of their business.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 39 U.S.C. §409(a).

7. This Court has supplemental jurisdiction over the pendent state law claims asserted herein pursuant to 28 U.S.C. §1367(a).

8. Plaintiff presented a timely claim pursuant to the Federal Tort Claims Act ("FTCA").

9. Plaintiff has met all jurisdictional prerequisites to the bringing of the instant action and has exhausted all applicable administrative remedies.

10. It has been six (6) months since the Plaintiff's submission of a timely claim pursuant to the FTCA, and the Defendant USPS has not made a decision with respect to Plaintiff's claim. Plaintiff's claim has been deemed denied and the instant action is proper to redress Plaintiff's injuries sustained by the Defendants.

11. Under 28 U.S.C. § 2675(a), the "failure of an agency to make final disposition of [an FTCA] claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." See 28 U.S.C. § 2675(a).

12. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) in that Defendant USPS operates an office within the Eastern District of Pennsylvania, Defendant USPS regularly

conducts business within the Eastern District of Pennsylvania, and all the events giving rise to this cause of action occurred within the Eastern District of Pennsylvania.

## FACTS

13. Plaintiff hereby incorporates the preceding paragraphs by reference as though set forth at length herein.

14. At all times relevant hereto, Plaintiff was the operator of a 2015 Kia Forte (hereinafter "Plaintiff's Vehicle"), owned by his girlfriend Briana Reid-Bey.

15. On or about January 18, 2020, Plaintiff was traveling on Henry Avenue, heading toward the City of Philadelphia.

16. Plaintiff was traveling with the flow of traffic not in excess of the speed limit at all times relevant hereto.

17. On that same date and time Defendant USPS owned a USPS postal truck (hereinafter "Defendants' Vehicle") that was operated by their agent, servant, employee, and/or independent contractor John Doe (Driver).

18. Defendants at all times relevant hereto were traveling on Bowman Street, which was controlled by a stop sign.

19. In Plaintiff's direction of travel, Henry Avenue was not controlled by any traffic control device.

20. Suddenly, and without warning, Defendants negligently made a left-hand turn onto Henry Avenue, directly in front of Plaintiff's vehicle, without stopping for their stop sign located on Bowman Street.

21. In order to avoid a collision with Defendants' Vehicle, which had just cut off Plaintiff, Plaintiff was forced to slam on his motor vehicle's brakes and turn its wheel.

22. In attempting to avoid Defendant's vehicle, Plaintiff's vehicle hydroplaned, slid across Henry Avenue onto the sidewalk and hit a pole, causing Plaintiff to suffer bodily and emotional injuries.

23. The force of the collision with the pole jerked Plaintiff violently side to side within the vehicle.

24. Defendants were negligent in the operation of their motor vehicle and directly and proximately caused Plaintiff to crash into the pole located on Henry Avenue.

## COUNT I: NEGLIGENCE
## PLAINTIFF VS ALL DEFENDANTS

25. Plaintiff hereby incorporates the preceding paragraphs by references as though set forth at length herein.

26. On or about January 18, 2020, the Defendants negligently caused Plaintiff's vehicle to violently strike a utility pole located on Henry Avenue, directly and proximately injuring Plaintiff as set forth hereinafter.

27. Defendant John Doe, agent, servant, and/or employee of Defendant, The United States Postal Service, was negligent including but not limited to, with respect to the following acts and/or omissions:

    a. Disregarding a stop sign in his or her direction of travel;

    b. Failing to yield the right of way to Plaintiff, who had the right of way;

    c. Failing to maintain proper and adequate control of his or her motor vehicle;

    d. Failing to keep a proper lookout for other vehicles lawfully on the roadway;

    e. Failing to notice the presence of Plaintiff's vehicle before negligently colliding into it;

f. Operating his or her vehicle without regard for the rights or safety of Plaintiff or others;

g. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania pertaining to the proper operation and control of motor vehicles, specifically 75 Pa. C.S. Section 3323(b);

h. Driving while distracted and/or preoccupied so as to not have observed the presence of Plaintiff's vehicle in his or her attempted direction of travel;

i. Driving while using an electronic device;

j. Making a left turn directly in front of Plaintiff's path of travel when Plaintiff had the right of way.

k. Disregarding traffic lanes, patterns, and other devices;

l. Failing to maintain a safe and clear distance;

m. Failing to drive at a speed no greater than would permit Defendant to bring the vehicle to a stop within the assured clear distance ahead;

n. Failing to be highly vigilant and maintain sufficient control of Defendant's vehicle and bring it to a stop on the shortest notice possible;

o. Speeding;

p. Illegal turning;

q. Violating 75 Pa. C. S. § 3111 §§ A (Obedience to traffic-control devices) constituting negligence *per se*.

r. Violating 75 Pa. C. S. § 3362 §§ A3-8 (exceeding maximum speed limit) constituting negligence *per se*.

  s. Violating 75 Pa. C.S. § 3331 ("Required position and method of turning"), constituting negligence *per se*.

  t. Violating 75 Pa. C.S. § 3361 ("Driving vehicle at safe speed"), constituting negligence *per se*, by failing to drive the vehicle at a speed no greater than is reasonable and prudent under the conditions, and at a speed no greater than will permit the driver to bring the vehicle to a stop within the assured clear distance ahead;

  u. Being inattentive to his or her duties as an operator of a motor vehicle;

  v. Failure to use due care and precaution in the operation of the motor vehicle.

28. At all times relevant hereto, Defendant John Doe (Driver) was acting within the course and scope of his employment, as an agent, servant, employee, and/or workman of Defendant, The United States Postal Service, and therefore, Defendant, The United States Postal Service, is vicariously liable for the acts and omissions of Defendant John Doe (Driver) as described herein.

29. Defendants directly and proximately caused the injuries and damages complained of herein by Plaintiff.

30. Defendants are individually liable and/or jointly and severally liable to Plaintiff.

31. As a direct and proximate result of the negligence of Defendants, Plaintiff sustained the following injuries and losses, including but not limited to:

  a. Severe back pain, neck, shoulder pain, arm pain, and head pain;

  b. Frozen shoulder;

  c. Injury to, numbness, paresthesia, and severe pain in the left hand;

  d. Injury and severe pain to the left wrist;

e. Severe injury and pain to spine;

f. Injury and severe pain to scapula, shoulder blades, and upper trapezius;

g. Emotional distress, pain and suffering, and mental anguish as a result of the trauma of the collision;

h. Decreased range of motion and immobility;

i. Limitations in activities of daily living including inability to sleep, including on the left side, and an inability to lift objects, among other things;

j. By reason of the foregoing, Plaintiff was obliged and did undergo medical treatment, a regimen of physical therapy/rehabilitation, injections, and took medication in an attempt to repair his injuries;

k. By reason of the foregoing, Plaintiff has been unable to engage in his normal hobbies and avocations;

l. By reason of the foregoing, Plaintiff has suffered a loss of earnings and/or loss of earning capacity;

m. By reason of the foregoing, Plaintiff has been forced to expend sums of money on his treatment and will be forced to expend sums of money into the future for his continued treatment.

n. Plaintiff claims past and future medical expenses.

o. By reason of the foregoing, Plaintiff has suffered past wage loss and diminution of his future earning capacity;

p. Loss of use of Plaintiff's vehicle; and

q. Deductible expenses to repair Plaintiff's vehicle.

32. All of Plaintiff's losses and damages were directly and proximately caused by the negligence of Defendants.

**WHEREFORE,** Plaintiff demands judgement in his favor and against Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00) in actual and compensatory damages, together with such other relief as the Court may deem just.

### COUNT II: NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION, PLAINTIFF vs. DEFENDANT, THE UNITED STATES POSTAL SERVICE

33. Plaintiff hereby incorporates the preceding paragraphs by reference as though set forth at length herein.

34. Upon information and belief, at all times relevant hereto Defendant John Doe (Driver) was an agent and operator of Defendant USPS acting within the scope of his authority.

35. Defendant USPS had a duty to reasonably ensure that its employees, agents, and/or contractors, such as Defendant John Doe (Driver), were trained and competent drivers.

36. The negligence of Defendant USPS includes but is not necessarily limited to the following acts and/or omissions:

    a. Negligently hiring John Doe without doing a proper pre-hiring background check or investigation, skills test, skills assessment, driver education and training sessions once on the job;

    b. Failing to conduct "ride alongs" to assess John Doe's driving qualifications;

    c. Failing to properly hire its operators, agents, servants, workman, employees and/or representatives so that they were qualified and competent to drive a commercial motor vehicle;

    d. Failing to maintain proper supervision of its operators, agents, servants,

      workmen, employees and/or representatives;

    e.    Failing to assess and determine if its agents, servants, workmen, employees, and/or representatives were capable and competent drivers.

37.    Defendant USPS knew or should have known that failing to ascertain that its agents, workmen, servants, employees, and/or representatives were qualified would result in those drivers causing accidents, as a result of which Plaintiff and other drivers lawfully on the roadways could become injured.

38.    As a direct and proximate result of the negligence of Defendant USPS, Plaintiff has suffered the damages above, which are incorporated herein by reference in their entirety.

**WHEREFORE,** Plaintiff demands judgement in his favor and against Defendants in an amount in excess of seventy-five thousand dollars ($75,000.00) in actual and compensatory damages, together with such other relief as the Court may deem just.

### JURY TRIAL DEMANDED

Plaintiff, Charles James, hereby demands a trial by jury of eight (8) members on all counts so triable.

Respectfully submitted,

**Freundlich & Littman, LLC**

Dated: 08/01/2022    By:    /s/ Justin F. Robinette, Esquire

Austin R. Freundlich, Esquire (I.D. # 205670)
Gregory C. Littman, Esquire (I.D. # 306806)
Justin F. Robinette, Esquire (ID # 319829)

1425 Walnut Street, Ste. 200
Philadelphia, PA 19102
Tel: (215) 545-8500
Fax: (215) 545-8510
E-mail: justin@fandllaw.com